IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
            Plaintiff,

        vs.                                                        No. 99-10078-01-JTM

LEVI SERNA AVILA,
                Defendant.

MEMORANDUM AND ORDER

The defendant Levi Serna Avila pled guilty in 2000 to two counts of use of an illegal short barrel rifle during a crime of violence (in violation of 18 U.S.C. § 924(c)(1)(B)(i), and interference with commerce by threats or violence (in violation of 18 U.S.C. § 1951), receiving a controlling sentence of 477 months imprisonment.[1] On October 20, 2020, Avila moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the sentence should be reduced in light passage of the First Step Act, which altered how sentences for "stacked" 18 U.S.C. § 924(c) offenses are treated.

On November 24, 2020, the court granted the unopposed motion of the United State to stay consideration of the motion pending the decision of the Tenth Circuit in *United States v. Maumau*, No. 20-4056. On April 1, 2012, the Tenth Circuit in *Maumau*

---

[1] The sentence results from consecutive terms of 57 months for the first firearms charge, ten years for the second, and 25 years for the robbery. (Dkt. 69, at 2).

determined that district courts have the power under the First Step Act to grant §
3582(c)(1)(A) to reduce a "stacked" § 924(c) sentence where the circumstances warrant.
The following day, this court dissolved the stay (Dkt. 78), and directed the parties to
address any additional arguments in light of *Maumau* by April 16, 2021. The United
States submitted a response on April 5, 2021.

The government's argument in similar cases that the court lacks the power to
grant compassionate relief was effectively resolved by the *Maumau* decision. The
question remains, however, whether the relief *should* be granted. As Chief Judge
Tymkovich observed in his concurrence in *Maumau*, "our holding does not give district
courts carte blanche to retroactively apply in every instance the amendments to the
stacking provision in 18 U.S.C. § 924(c)." 2021 WL 1217855, at  *13. "A long sentence
derived from stacking cannot, by itself, be an 'extraordinary and compelling' reason for
sentence reduction," and such relief can be given "only in the context of an
individualized review of a movant's circumstances."  *Id*.

Based upon an individual review of the defendant's circumstances, the court
concludes that the requested release is not appropriate. This is not a typical case in
which the defendant received a long sentence solely due to the then-mandatory
treatment of § 924(c) charges, based on a brief series of robberies. Rather, the defendant
was allowed to plead guilty to three offenses, in exchange for the dismissal of *thirteen*
other offenses, including multiple counts of conspiracy, all set forth in the Superseding
Indictment. (Dkt. 30). Count 16 alleged that Avila helped accomplish one of the

robberies by telling the bank employees that if they did not comply with his demands the bank would be "blown up."

Simply put, while the stacking rule did increase the sentence Avila faced when he pled guilty to a small subset of the charges against him, it is simply not true that (as it is with other defendants raising similar claims in light of *Maumau*) Avila would face a radically different and shorter sentence today. Rather, the most likely result would be that the government would have proceeded to trial on all sixteen counts, yielding an ultimate prison sentence not substantially different from what was imposed.

Further, as noted earlier, under *Maumau* the court is prohibited from granting relief *solely because of the length of the sentence imposed*. Rather, the court must consider the individual circumstances of the specific defendant and the offenses involved. And here the circumstances of the offense augment rather than diminish the defendant's criminal response. The defendant conducted his robberies as a part of a relatively sophisticated conspiracy with another defendant, Richard Luna, using two-way radio surveillance and the carrying of illegal short barreled rifles. And, in addition to the use of a bomb threat made directly and personally to the employees of the Twin Lakes National Bank during the robbery, the Presentence Investigation Report also makes clear that only fortuitous circumstances prevented Avila from murdering a law enforcement officer as he sought to flee from the Excitement Video Store robbery.

> As he [Avila] was leaving, he heard a transmission from [co-defendant] Richard Luna, advising him that "cops are coming". Levi Avila then saw a Wichita Police Officer traveling north on Market through the intersection

of 21st and Market. The officer observed Levi Avila running down 21st Street weaning all black including a black trench coat and black gloves. He became suspicious and approached Defendant Avila in the parking lot. The defendant, thinking he was caught, put his hands in the air. As he was questioned by the officer, he realized the officer was unaware of the robbery. He then advised the officer that "something weird was going on in the store" and that he should check it out. Defendant Avila was then advised that the officer would need to pat him down and asked him to put his hands on the police cruiser. As Levi Avila walked toward the vehicle, he paused and asked the officer if the "ride-along" in the police car, riding with the officer, was armed. The officer advised that she was an unarmed citizen observer. At that time, Levi Avila responded "good, because I am."

Avila then "threw back his coat, retrieving his weapon, aimed it at the officer, and pulled the trigger several times. Fortunately, the gun jammed." *Id*. When the officer took cover and returned one round of gun fire (which missed Avila), the defendant surrendered.

The burden is on the defendant to show his entitlement to compassionate release, and thus under *Maumau* some circumstances beyond the length of his original sentence. The defendant has pointed to no such circumstances, and the circumstances of the offense and sentence serve to aggravate rather than mitigate defendant's criminal responsibility. Even in the absence of stacking, the defendant would not have received a radically reduced sentence, as in the absence of that rule the government would not have dismissed the remaining counts under the Plea Agreement, raising the likelihood that Avila would have ultimately been sentenced for sixteen separate criminal offenses. Further, as noted earlier, Avila engaged in criminal conduct which, but for sheer accident, would have resulted in the murder of a law enforcement officer. Under the

circumstances of the case, the court cannot say that defendant has shown that extraordinary and compelling circumstances warrant a reduction of sentence, or that such a reduced sentence would be consistent with the relevant 18 U.S.C. § 3553(a) sentencing factors.

IT IS SO ORDERED this day of April, 2021, that the defendant's Motion for Compassionate Release (Dkt. 90) is hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge