IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                  Case No.  99-10078-1-JWB

LEVI SERNA AVILA,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reduce sentence.  (Doc. 111.)  The motion has been fully briefed and is ripe for decision.  (Doc. 115.)[1]  The motion is DENIED for the reasons stated herein.

## I.    Facts and Procedural History

On June 15, 1999, Defendant was charged by indictment with multiple counts of robbery and using firearms during and in relation to a crime of violence.  (Doc. 20.)  Defendant entered a guilty plea to one robbery count (Count 16) and two counts of using a firearm during and in relation to a crime of violence (Counts 7 and 13).  (Doc. 62.)  On August 7, 2000, the court sentenced Defendant to 57 months on Count 16, ten years on Count 7, and twenty-five years on Count 13, with all counts to run consecutive to each other, for a total term of 477 months.  (Doc. 69.)

On October 22, 2020, Defendant filed a motion for compassionate release and asked for a reduction due to the elimination of the stacking provision in the First Step Act.  (Doc. 90.)  The court denied the motion.  The court recognized that the Tenth Circuit allowed the court to consider the later change in sentencing in deciding whether to grant a sentence reduction under § 3582 but

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

determined that Defendant's sentence would not have been radically different had he not entered into a plea agreement with the government.  (Doc. 98.)  Defendant again moves for a sentence reduction to time served and argues that the stacking provision along with his rehabilitation are sufficient to show extraordinary and compelling circumstances.  The court stayed a decision on the motion pending a decision by the Supreme Court in *Rutherford v. United States*, 146 S. Ct. 1320 (2026).  (Doc. 114.)  The Court has now ruled and the ruling forecloses Defendant's position as discussed herein.

## II.    Analysis

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  Defendant moves for a sentence reduction under § 3582(c)(1)(A).  Under that statute, a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id*.

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A).  *Hald*, 8 F.4th at 937.  Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id*. at 938.  A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements.  *Id*.  But all requirements must be addressed when the court grants a motion for release under the statute.  *Id*.  Defendant bears the burden of establishing that

compassionate release is warranted under the statute. *See, e.g.*, *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

In his motion, Defendant asserts that if he was sentenced today he would have received a sentence of only 297 months due to Congress' elimination of the stacking provision. (Doc. 111 at 1–2.) Defendant argues that this change in the sentencing law and his rehabilitation while incarcerated are extraordinary and compelling reasons that warrant a reduction to time served. In *Rutherford*, the Supreme Court recognized that a minority of circuits, including the Tenth Circuit, had permitted reductions based on nonretroactive sentencing changes. *Rutherford*, 146 S. Ct. at 1328, n. 2. The Supreme Court, however, agreed with the majority of the circuits holding "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a pre-amendment sentence is longer than it would have been post-amendment is not an extraordinary and compelling reason that warrants a sentence reduction." *Id.* at 1330 (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The Court concluded that "[t]he statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Id.* at 1335. Therefore, the fact that Defendant's sentence would be shorter post-amendment cannot be a basis for a sentence reduction.

The only other argument raised by Defendant is that he has been rehabilitated while incarcerated. While that is to be commended, that cannot be a basis in and of itself for a sentence reduction. *Rutherford*, 146 S. Ct. at 1332 ("[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason") (citing 28 U.S.C. § 994(t)); *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021).

Because Defendant has not established extraordinary and compelling reasons for a sentence reduction, his motion must be denied and the court declines to address the remaining factors.

3

### III.     Conclusion

Therefore, Defendant's motion to reduce sentence (Doc. 111) is DENIED.

IT IS SO ORDERED.  Dated this 10th day of July, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

4